# Matter of Eduardo VELASQUEZ-RIOS, Respondent

*Decided October 4, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The amendment to section 18.5 of the California Penal Code, which retroactively lowered the maximum possible sentence that could have been imposed for an alien's State offense from 365 days to 364 days, does not affect the applicability of section 237(a)(2)(A)(i)(II) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(i)(II) (2012), to a past conviction for a crime involving moral turpitude "for which a sentence of one year or longer may be imposed."

FOR RESPONDENT: Richard Benavidez, Esquire

FOR THE DEPARTMENT OF HOMELAND SECURITY: Hye Chon, Assistant Chief Counsel

BEFORE: Board Panel: GUENDELSBERGER, MALPHRUS, and LIEBOWITZ, Board Members.

GUENDELSBERGER, Board Member:

In a decision dated December 11, 2014, an Immigration Judge found the respondent removable on his own admissions under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2012), as an alien present in the United States without being admitted or paroled, denied his application for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2012), and ordered him removed. On April 25, 2016, we dismissed the respondent's appeal from that decision. This case is now before us on remand from the United States Court of Appeals for the Ninth Circuit for further consideration of the respondent's eligibility for cancellation of removal. The appeal will again be dismissed.

The respondent is a native and citizen of Mexico who entered the United States without inspection at an unknown time and place. On July 22, 2003, he was convicted of possession of a forged instrument in violation of section 475(a) of the California Penal Code.[1] Although the respondent was only sentenced to 12 days of incarceration, the Immigration Judge found that his

---

[1] The respondent was also convicted of burglary in violation of California law, but in light of our disposition in this case, we need not address the immigration consequences of that conviction.

offense was a crime involving moral turpitude "for which a sentence of one year or longer may be imposed" under section 237(a)(2)(A)(i) of the Act, 8 U.S.C. § 1227(a)(2)(A)(i) (2012), because the maximum possible sentence for his crime at the time of his conviction was 365 days. Since the respondent had been convicted of an "offense under . . . section 237(a)(2)," the Immigration Judge concluded that he is ineligible for cancellation of removal under section 240A(b)(1)(C).

After the respondent appealed that decision, section 18.5 of the California Penal Code was enacted, effective January 1, 2015, to provide:

> Every offense which is prescribed by any law of the state to be punishable by imprisonment in a county jail up to or not exceeding one year shall be punishable by imprisonment in a county jail for a period *not to exceed 364 days*.

(Emphasis added.)[2]  Notwithstanding that change in the law, we concluded that the respondent had been convicted of an "offense under" section 237(a)(2)(A)(i) of the Act because, at the time of his conviction, the maximum possible sentence for his crime was 1 year. We noted that section 18.5 did not become effective until after he had been convicted and that nothing indicated the provision had retroactive effect. We therefore dismissed his appeal.

While the respondent's petition for review of our decision was pending, the California Legislature amended section 18.5 to "apply retroactively" to all convictions, "whether or not the case was final before January 1, 2015." Cal. Penal Code § 18.5(a) (West 2018) (effective January 1, 2017).[3]  The Government filed a motion requesting that the case be remanded to allow us to consider the impact of this provision on the respondent's eligibility for cancellation of removal. The court granted the unopposed motion.

An applicant for cancellation of removal under section 240A(b)(1) must demonstrate that he or she has not been "convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3)." Section 240A(b)(1)(C) of the Act; *see also* 8 C.F.R. § 1240.8(d) (2018). The respondent's forgery offense

---

[2]  Section 18.5 was enacted to "align[] the definition of misdemeanor between state and federal law" and to ensure that aliens "who committed low level and non-violent crimes [would not be] subject to deportation." Office of S. Floor Analyses, Cal. Legis. Info., SB 1242, at 2 (Aug. 19, 2016), https://leginfo.legislature.ca.gov/faces/billAnalysisClient .xhtml?bill_id=201520160SB1242#. This provision is necessarily limited to California convictions and does not affect crimes committed in other States, even if the convicted alien resides in California.

[3]  Section 18.5(b) provides for a sentence reduction from 365 days to 364 days. However, because the respondent was sentenced to 12 days in jail, this aspect of section 18.5 is not before us.

is clearly a "crime involving moral turpitude" within the meaning of section 237(a)(2)(A)(i)(I) because it necessarily involved the "specific intent to defraud another." Cal. Jury Instr.—Crim. ("CALJIC") 15.07 (Sept. 2018); *see also Jordan v. De George*, 341 U.S. 223, 228 (1951) ("[C]rimes involving fraud have universally been held to involve moral turpitude.").[4] Therefore, the sole issue before us is whether, in light of section 18.5 of the California Penal Code, the respondent's forgery offense remains "a crime for which a sentence of one year or longer may be imposed" within the meaning of section 237(a)(2)(A)(i)(II) of the Act.[5] For the following reasons, we conclude that it does and that his conviction renders him ineligible for cancellation of removal under section 240A(b)(1)(C).

Although we recognize that section 18.5 may have retroactively modified the maximum possible sentence for the respondent's forgery offense for purposes of *State law*, it does not affect the immigration consequences of his conviction under section 237(a)(2)(A)(i)(II) of the Act, a *Federal law*. By its plain terms, that provision is concerned with whether an alien has been convicted of a crime involving moral turpitude for which a sentence of 1 year or longer "*may be imposed*." (Emphasis added.) In other words, it calls for a backward-looking inquiry into the maximum possible sentence the alien *could have received* for his offense *at the time of his conviction*. *See, e.g.*, *Matter of Cortez*, 25 I&N Dec. 301, 311 (BIA 2010) (concluding that an alien had been convicted of an offense under section 237(a)(2)(A)(i) because she was convicted of "a crime involving moral turpitude for which she *could have been* sentenced to a year in county jail" (emphasis added)).[6]

---

[4] Because the respondent's crime qualifies for the petty offense exception under section 212(a)(2)(A)(ii)(II) of the Act, he has not been convicted of a crime involving moral turpitude under section 212(a)(2)(A)(i)(I). *See Matter of Ortega-Lopez*, 27 I&N Dec. 382, 384 n.5 (BIA 2018).

[5] For section 237(a)(2)(A)(i)(I) of the Act to be applicable, a crime involving moral turpitude must also be "committed within five years . . . after the date of admission." The respondent has made no argument that because he committed forgery more than 5 years after he entered the United States, his crime is not an "offense under" that section. In any event, such a contention is foreclosed by our decision in *Matter of Ortega-Lopez*, 27 I&N Dec. at 398 (concluding that "the temporal 'admission' requirement[]" of section 237(a)(2)(A)(i)(I) is inapplicable to "determining whether section 240A(b)(1)(C) of the Act operates to disqualify an applicant for cancellation of removal by virtue of an 'offense under' section[] 237(a)(2)").

[6] We recognize that certain California crimes may, as a matter of discretion, be punished as a felony or a misdemeanor, for which there are different maximum possible sentences. *See Ewing v. California*, 538 U.S. 11, 16–17 (2003) (describing so-called "wobbler" statutes). However, the maximum sentence a defendant *could have* received at the time of conviction is clear from looking at the sentencing scheme as a whole, even if the offense is treated as a misdemeanor. *Ceron v. Holder*, 747 F.3d 773, 777 (9th Cir. 2014) (en banc).

We therefore hold that the amendment to section 18.5 of the California Penal Code, which retroactively lowered the maximum possible sentence that could have been imposed for an alien's State offense from 365 days to 364 days, does not affect the applicability of section 237(a)(2)(A)(i)(II) of the Act to a past conviction for a crime involving moral turpitude "for which a sentence of one year or longer may be imposed."[7]  We find support for our holding in Federal court precedent.

Like the respondent, the defendant in *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), *cert. denied sub nom. Vasquez v. United States*, 137 S. Ct. 840 (2017), had one of his crimes retroactively reclassified as a misdemeanor pursuant to intervening California legislation.  Because one of his two State felony drug offenses was now a misdemeanor under State law, he argued that he was no longer subject to 21 U.S.C. § 841(b)(1)(A) (2006), which enhanced sentences for defendants convicted of a Federal offense following the commission of two or more State drug felonies.  The court rejected this argument, noting that "*federal law*, *not California law*," must be used "to determine the effect of California's reclassification on [the defendant's] *federal sentence enhancement* . . . ."  *Id.* at 972 (emphases added).

As the Ninth Circuit explained, the only thing that mattered under Federal law was whether the defendant had been convicted of two or more State felony drug offenses prior to his Federal offense.  The fact that California decided to retroactively reclassify one of his State felonies as a misdemeanor did not change "the *historical fact* that, for purposes of § 841, the defendant had been convicted of the felony in the past."  *Id.* at 973 (emphasis added).  Thus, the State actions had "no bearing on whether § 841's requirements [were] satisfied."  *Id.* at 972.  This was so "even if California decided to give [its new law] retroactive effect for purposes of its own *state* law," because, according to the court, that decision "would not retroactively make [the defendant's] felony conviction a misdemeanor for purposes of *federal* law." *Id.* at 975.  In reaching its conclusion, the court relied on the Supreme Court's decision in *McNeill v. United States*, 563 U.S. 816 (2011), which rejected a similar argument.

In that case, the defendant asserted that he had not been convicted of "a serious drug offense" for purposes of enhancing his sentence under 18 U.S.C. § 924(e)(2)(A)(ii) (2006) because he had not been convicted of a State crime "for which a maximum term of imprisonment of ten years or more is prescribed by law."  Although the defendant had been convicted in the early 1990s of a North Carolina drug offense for which the maximum

---

[7]  This holding is consistent with the long-standing practice of examining the statute of conviction and applicable penalty that existed under the law in effect at the time the conviction was entered.  *See, e.g.*, *Matter of Esfandiary*, 16 I&N Dec. 659, 660 (BIA 1979); *Matter of A-*, 4 I&N Dec. 378, 381 (C.O. 1951).

penalty was at least 10 years, he argued that this crime no longer qualified as a "serious drug offense" under Federal law because North Carolina reduced the maximum sentence for his State offense to less than 10 years in 1994. The Court disagreed, holding that North Carolina's changes to its law regarding the defendant's *State* conviction had no effect on his *Federal* sentence.

The Court explained that the plain language of § 924(e)(2)(A)(ii) requires a Federal sentencing court to determine "the maximum sentence applicable to a defendant's previous drug offense *at the time of his conviction for that offense*. . . . The only way to answer this backward-looking question is to consult the law that applied *at the time of that conviction*." *Id.* at 820 (emphases added). The Court concluded that this "natural reading of [§ 924(e)(2)(A)(ii)] . . . avoids the absurd results that would follow from consulting current state law to define a previous offense." *Id.* at 822.[8]

The logic embodied in *McNeill* and *Diaz* applies with equal force to this case. We must use *Federal law*, rather than *State law*, to determine the immigration consequences of the respondent's California conviction. *See Diaz*, 838 F.3d at 972 ("Federal law, not state law, governs our interpretation of federal statutes."). Section 237(a)(2)(A)(i)(II), like the Federal sentencing provisions at issue in *McNeill* and *Diaz*, requires a backward-looking inquiry into the maximum possible sentence the respondent could have received for his forgery offense at the time of his conviction.[9]

The respondent's conviction for his forgery offense was entered in 2003, prior to the effective date of section 18.5 of the California Penal Code. At that time, the maximum possible sentence for the crime was 365 days. Because we look to the maximum possible sentence he could have received for his offense at the time of his conviction, section 18.5 does not affect the applicability of section 237(a)(2)(A)(i)(II) of the Act to his forgery offense. Consequently, we conclude that the respondent's offense remains "a crime for which a sentence of one year or longer may be imposed" and that his conviction renders him ineligible for cancellation of removal under section 240A(b)(1)(C). Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[8] The Court declined to address whether a Federal sentencing court could consider "a situation in which a State subsequently lowers the maximum penalty applicable to an offense and makes that reduction available to defendants previously convicted and sentenced for that offense." *McNeill*, 563 U.S. at 825 n.1.

[9] In this regard, section 237(a)(2)(A)(i)(II) differs from other provisions of the Act that require us to consider the *actual* sentence imposed, necessitating a fact-based inquiry into a State court judge's specific sentence or into subsequent modifications to that sentence. *See, e.g.*, section 101(a)(43)(G) of the Act, 8 U.S.C. § 1101(a)(43)(G) (2012); *Matter of Cota*, 23 I&N Dec. 849, 852 (BIA 2005).