NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO JIMENEZ-MORALES, | No. 19-70766 |
| Petitioner, | Agency No. A200-626-301 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2023[**]
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Hugo Jimenez-Morales, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") affirming the

immigration judge's ("IJ") determination that Jimenez-Morales' conviction under

California Penal Code § 245(a)(1) qualifies as a crime involving moral turpitude

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CIMT") under 8 U.S.C. § 1227(a)(2), rendering him ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.     Jimenez-Morales argues that his conviction for assault with a deadly weapon in violation of California Penal Code § 245(a)(1) does not qualify as a CIMT that would disqualify him from eligibility for cancellation of removal. The BIA concluded that Jimenez-Morales' conviction is a categorical CIMT based on its decision in *Matter of Wu*, 27 I. & N. Dec. 8 (BIA 2017). "[W]e must uphold the BIA's determination that a given offense is a crime involving moral turpitude if it 'is based on a permissible construction[]' . . . of the phrase 'crime involving moral turpitude.'" *Safaryan v. Barr*, 975 F.3d 976, 982 (9th Cir. 2020) (quoting *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)). Concluding that *Matter of Wu* is entitled to *Chevron* deference, we recently held that "the BIA correctly determined that [a petitioner's] conviction under § 245(a)(1) was for a [CIMT] and that he was therefore inadmissible under the [Immigration and Nationality Act]." *Id.* at 988. Therefore, Jimenez-Morales' conviction under § 245(a)(1) qualifies as a CIMT.

2.     On January 1, 2015, the California legislature enacted California Penal Code § 18.5, which reduced the maximum jail sentences for misdemeanor convictions from "up to or not exceeding one year" to "a period not to exceed 364

2

days." Cal. Penal Code § 18.5 (2015). Two years later, effective January 1, 2017, the California legislature amended § 18.5 to apply *retroactively* to all misdemeanor convictions, regardless of whether the conviction was finalized on or before the statute's original enactment date. Cal. Penal Code § 18.5. Jimenez-Morales argues that this reduction applies retroactively to his conviction under § 245(a)(1) for purposes of § 1227(a)(2)(A)(i). *See* 8 U.S.C. § 1227(a)(2)(A)(i)(II). In rejecting this argument, the BIA relied on its decision in *Matter of Valesquez-Rios*, 27 I. & N. Dec. 470, 473 (BIA 2018), in which it held that the state amendment did not affect the applicability of § 1227(a)(2)(A)(i)(II) to a past CIMT conviction because the BIA looks to the maximum possible sentence *at the time of conviction*. In *Velasquez-Rios v. Wilkinson*, we affirmed the BIA, "hold[ing] that California's amendment to § 18.5 of the California Penal Code . . . cannot be applied retroactively for purposes of § 1227(a)(2)(A)(i)." 988 F.3d 1081, 1089 (9th Cir. 2021). Accordingly, Jimenez-Morales remains "convicted of a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(II).

3. Finally, Jimenez-Morales contends that his conviction under § 245(a)(1) was not for "an offense under" § 1227(a)(2)(A)(i) that would bar him from cancellation of removal because he did not commit the CIMT within five years of admission to the United States. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(A)(i)(I). The BIA rejected this argument based on its decision in

3

*Matter of Ortega-Lopez*, 27 I. & N. Dec. 382 (BIA 2018). There, the BIA concluded that, "pursuant to the cross-reference in § 1229b(b)(1)(C), [a noncitizen] is ineligible for cancellation of removal if the [noncitizen] has been convicted of a [CIMT] for which a sentence of one year or more may be imposed, regardless whether the [noncitizen] meets the immigration prerequisites for inadmissibility or deportability." *Ortega-Lopez v. Barr*, 978 F.3d 680, 693 (9th Cir. 2020). We recently concluded that the BIA's interpretation of § 1229b(b)(1)(C) in *Matter of Ortega-Lopez* is permissible and therefore entitled to *Chevron* deference. *Id.* at 690–93. We thus hold that Jimenez-Morales' § 245(a)(1) conviction was "an offense under" § 1227(a)(2)(A)(i) even though he was not convicted of a CIMT committed within five years of admission to the United States.

**PETITION DENIED.**