NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CELIA HEREDIA-GUZMAN, AKA Celia Heredia Guzman, | No. 19-71492 |
| Petitioner, | Agency No. A098-408-778 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2023[**]
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Celia Heredia-Guzman, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") affirming the

immigration judge's ("IJ") order denying cancellation of removal. The BIA

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

concluded that Heredia-Guzman's conviction under California Welfare and Institutions Code § 10980(c)(2) qualifies as a crime involving moral turpitude ("CIMT") under 8 U.S.C. § 1227(a)(2), rendering her ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    Heredia-Guzman does not dispute that her conviction for welfare fraud under § 10980(c)(2) qualifies as a CIMT. *See* 8 U.S.C. § 1227(a)(2). Instead, she disputes that her offense carried a maximum sentence of at least one year. *See* 8 U.S.C. § 1227(a)(2)(A)(i)(II). On January 1, 2015, the California legislature enacted California Penal Code § 18.5, which reduced the maximum jail sentences for misdemeanor convictions from "up to or not exceeding one year" to "a period not to exceed 364 days." Cal. Penal Code § 18.5 (2015). Two years later, effective January 1, 2017, the California legislature amended § 18.5 to apply *retroactively* to all misdemeanor convictions, regardless of whether the conviction was finalized on or before the statute's original enactment date. Cal. Penal Code § 18.5. Heredia-Guzman argues that this reduction applies retroactively to her conviction under § 10980(c)(2) for purposes of § 1227(a)(2)(A)(i). *See* 8 U.S.C. § 1227(a)(2)(A)(i)(II). In rejecting this argument, the BIA relied on its decision in *Matter of Valesquez-Rios*, 27 I. & N. Dec. 470, 473 (BIA 2018), in which it held that the state amendment did not affect the applicability of § 1227(a)(2)(A)(i)(II) to

2

a past CIMT conviction because the BIA looks to the maximum possible sentence *at the time of conviction*. In *Velasquez-Rios v. Wilkinson*, we affirmed the BIA, "hold[ing] that California's amendment to § 18.5 of the California Penal Code . . . cannot be applied retroactively for purposes of § 1227(a)(2)(A)(i)." 988 F.3d 1081, 1089 (9th Cir. 2021). Accordingly, Heredia-Guzman remains "convicted of a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(II).

2.     Heredia-Guzman also argues that her conviction does not qualify as an "offense under" § 1227(a)(2) because it is eligible for the "petty offense" exception set forth in 8 U.S.C. § 1182(a)(2)(A)(ii). We have held that a "conviction for an offense described in § 1227(a)(2)" renders a petitioner statutorily ineligible for cancellation of removal "[r]egardless of whether h[er] conviction may meet the requirements of the petty offense exception in § 1182(a)(2)(A)(ii)." *Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1056–57 (9th Cir. 2010). Indeed, we recently rejected an argument identical to Heredia-Guzman's in *Ortega-Lopez v. Barr*, in which we deferred to the BIA's conclusion that, "pursuant to the cross-reference in § 1229b(b)(1)(C), [a noncitizen] is ineligible for cancellation of removal if the [noncitizen] has been convicted of a [CIMT] for which a sentence of one year or more may be imposed, regardless whether the [noncitizen] meets the immigration prerequisites for inadmissibility or

3

deportability."  978 F.3d 680, 692 n.11, 693 (9th Cir. 2020).

Heredia-Guzman filed a letter filed pursuant to Rule 28(j) citing *Reyes v. Garland*, 11 F.4th 985 (9th Cir. 2021).  She purports that the BIA changed the adjudicatory rule as to whether a CIMT conviction qualifying for the "petty offense" exception bars cancellation of removal, thus changing the legal consequences of her conviction.  *Id.* at 995 ("[A] law is retroactive if it changes the legal consequences of acts completed before its effective date[.]" (cleaned up)).  Heredia-Guzman argues that we must therefore engage in a retroactivity analysis.  Citing *Matter of Garcia-Hernandez*, 23 I. & N. Dec. 590, 593 (BIA 2003), she claims that, at the time of her conviction under § 10980(c)(2) in 2005, she would *not* have been barred from cancellation of removal if the "petty offense" exception applied.  Her argument fails.  In *Ortega-Lopez*, we wrote:

> *Garcia-Hernandez* held that § 1229b(b)(1)(C) incorporated the "petty offense" exception set forth in § 1182(a)(2)(A)(ii)(I), so that an alien who has been convicted of a crime involving moral turpitude that falls within this exception is not ineligible for cancellation of removal.  In explaining its reasoning, *Garcia-Hernandez* stated that it "view[ed] the plain language of [§ 1229b(b)(1)(C)] as incorporating the entirety of [§ 1182(a)(2)], including the exception for petty offenses set forth therein."  This broad statement has been abrogated in part by *Gonzalez-Gonzalez* [*v. Ashcroft*], which held that "[t]he plain language of § 1229b indicates that it should be read to cross-reference a list of offenses in three statutes, rather than the statutes as a whole."  390 F.3d [649, 652 (9th Cir. 2004)].  In light of this ruling, [Petitioner] cannot rely on *Garcia-Hernandez* for the principle that § 1229b incorporates § 1227(a)(2) as a whole.  Therefore, we reject [Petitioner's] argument that the BIA's interpretation here conflicts with *Garcia-Hernandez*.

4

978 F.3d at 692 n.11. *Gonzalez-Gonzalez* was issued in 2004, before Heredia-Guzman's conviction. At no time could she have relied on *Garcia-Hernandez*'s abrogated reasoning to argue that her CIMT conviction did not render her ineligible for cancellation of removal due to the "petty offense" exception.[1] Thus, she points to no change in the legal consequences of her conviction that would warrant a retroactivity analysis.

3. Because Heredia-Guzman is ineligible for cancellation of removal under § 1229b(b)(1)(C), we need not determine whether her daughter, who reached the age of majority during the pendency of this case, remains a qualifying relative under § 1229b(b)(1)(D).

**PETITION DENIED.**

---

[1] Heredia-Guzman's reliance on *Matter of Gonzalez-Zoquipan*, 24 I. & N. Dec. 549 (BIA 2008), is also meritless because the noncitizen in that case, unlike Heredia-Guzman, "would have remained eligible for cancellation of removal . . . because the maximum penalty possible for his misdemeanor conviction was less than 1 year of imprisonment." *Matter of Cortez Canales*, 25 I. & N. Dec. 301, 310 (BIA 2010) (citation omitted).