[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13733

Non-Argument Calendar

————————————————

RUBEN ADOLFO CERON-CASCO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A073-969-493

————————————————

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Ruben Ceron-Casco petitions us for review of two issues from his immigration court proceedings. First, he argues that his 2006 conviction for assault with a deadly weapon is no longer a crime of moral turpitude because of a change in California law. Second, he argues that the immigration judge and Board of Immigration Appeals improperly pretermitted his applications for cancellation of removal and failed to give reasoned consideration to his legal arguments. For the reasons stated below, we deny his petition.

**I.**

Ruben Ceron-Casco is a native and citizen of El Salvador who entered the United States in 1988. His status was adjusted to lawful permanent resident in 2004 under section 203 of the Nicaraguan Adjustment and Central American Relief Act. He was convicted of assault with a deadly weapon in California in 2006, and possession of a controlled substance in Georgia in 2015. While Ceron-Casco has an extensive history with the immigration courts and federal courts, only some of that history is relevant for this petition.

In 2017, an immigration judge ordered Ceron-Casco removable because his 2006 conviction was a crime of moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i), and separately because his 2015 conviction was a controlled substance offense under 8 U.S.C. §

1227(a)(2)(B)(i). The immigration judge also held that he was statutorily ineligible for cancellation of removal under Section 240A(a) of the Immigration and Nationality Act, and that he was statutorily barred from special rule cancellation of removal under Section 203 of NACARA.

Ceron-Casco appealed that order to the BIA. The BIA concluded that his 2006 conviction was a crime of moral turpitude, he was not eligible for Section 240A(a) cancellation, and that he was statutorily precluded from NACARA special rule cancellation. He now petitions us for review of the BIA's ruling.

## II.

We lack jurisdiction to review a final removal order against an alien who is removable because he committed a crime involving moral turpitude or a controlled substance offense. *See* 8 U.S.C. § 1252(a)(2)(C). We also lack jurisdiction to review the BIA's discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). And we "lack jurisdiction to review facts found as part of discretionary-relief proceedings" including cancellation of removal. *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022). But we have jurisdiction to review constitutional claims or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). We review the BIA's decision as the final decision below but will review the immigration judge's decision to the extent the BIA expressly adopts or agrees with it. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

## III.

Ceron-Casco's petition argues that the BIA erred in classifying his 2006 conviction as a crime of moral turpitude and that the BIA and immigration judge erred by "pretermitting" his two applications for cancellation of removal and not giving "reasoned consideration" to his arguments of law relating to his two applications. We lack jurisdiction to review the denial of his Section 240A(a) application for cancellation of removal, but we have jurisdiction to review the classification of his 2006 conviction and his NACARA application for cancellation of removal. Because we find that the BIA and immigration judge were correct in classifying his 2006 conviction and rejecting his NACARA application, we deny his petition for review.

We note at the start that Ceron-Casco did not challenge his 2015 controlled substance conviction before the immigration judge or BIA and does not challenge it before us. Thus, he failed to exhaust any challenge to that conviction below and has otherwise abandoned any challenge to it. *See* 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (exhaustion); *Ruiz v. Att'y Gen.*, 440 F.3d 1247, 1256 n.6 (11th Cir. 2006) (abandonment). But even though he is removable based on his 2015 conviction alone, he still asks us to reach his other arguments. *See Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1279 n.1 (11th Cir. 2013) (citing *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 567 (2010)). We agree that we are still required to consider whether the immigration judge and BIA properly rejected his NACARA

application for cancellation of removal, and whether his 2006 conviction that underlies his NACARA application was a crime of moral turpitude.

*A.*

We will begin with the BIA's denial of Ceron-Casco's application for cancellation of removal under Section 240A(a) of the INA. In his appeal to the BIA, Ceron-Casco argued that the immigration judge should have cancelled his removal under Section 240A(a) because he might have been granted Temporary Protected Status when his father was granted TPS in 1991. He said that if the immigration courts found that he was granted TPS in 1991, he would have been considered "inspected and admitted" when he traveled abroad and returned to the United States in 1996. Thus, he would have been able to demonstrate the seven years of continuous residence required for Section 240A(a) cancellation of removal despite his 2006 conviction. *See* 8 U.S.C. § 1229b(a). The BIA rejected that argument because he did not raise it before the immigration judge and because his argument could not satisfy his burden of proving he was eligible for TPS and Section 240A(a) cancellation of removal.

Because his argument and the BIA's rejection of that argument were discretionary and based on factual findings, we lack jurisdiction to review it. *See Patel*, 142 S. Ct. at 1627; 8 U.S.C. § 1252(a)(2)(B)(i). So we dismiss his petition for review so far as he seeks review of his Section 240A(a) application for cancellation of removal.

*B.*

We next turn to the BIA's classification of Ceron-Casco's 2006 conviction as a crime of moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i). Ordinarily we would not review the classification of his 2006 conviction because his 2015 conviction is an independent basis for his removal. But the BIA concluded that because Ceron-Casco was convicted of a crime of moral turpitude in 2006, he had to satisfy a heightened NACARA standard. 8 C.F.R. § 1240.66(c)(1). That heightened standard required him to show that he was "a person of good moral character" for ten years following his 2006 conviction. *Id.* 1240.66(c)(3). The immigration judge concluded that because he was confined to a penal institution for 180 days or more following his 2015 controlled substance conviction, he was statutorily precluded from demonstrating "good moral character." *See id.*; 8 U.S.C. § 1101(f)(6). It follows then that if Ceron-Casco's 2006 conviction was not a crime of moral turpitude, he would not have been subjected to the heightened standard and would have been required to satisfy only the normal NACARA cancellation of removal requirements. The immigration judge and BIA did not consider his application under the normal requirements, so we must determine whether the classification of his 2006 conviction was proper.

"We review de novo the legal question of whether a conviction qualifies as a [crime of moral turpitude]." *Lauture v. U.S. Att'y Gen.*, 28 F.4th 1169, 1172 (11th Cir. 2022) (cleaned up) (citing *Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1240 (11th Cir. 2016). An alien is

deportable for committing a crime of moral turpitude if he (1) commits a "crime involving moral turpitude" within five years after his date of admission and (2) is "convicted of a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i). In his petition for review, Ceron-Casco only challenges the second element—that his 2006 conviction is not one for which a sentence of one year or longer may be imposed.

Ceron-Casco was convicted of committing "an assault upon the person of another with a deadly weapon or instrument other than a firearm." Cal. Penal Code § 245(a)(1). Section 245(a)(1) is classified as a "wobbler" offense for sentencing purposes. *See Ceron v. Holder*, 747 F.3d 773, 777 (9th Cir. 2014) (en banc). That is, a state court has discretion to treat it as a felony or a misdemeanor. At the time of Ceron-Casco's conviction, the maximum sentence for a Section 245(a)(1) conviction was four years if the state court treated it as a felony, and the maximum sentence was one year if the court treated it as a misdemeanor. *Id.* Ceron-Casco concedes that at the time of his conviction a sentence of one year or longer could be imposed regardless of whether the state court treated his conviction as a felony or a misdemeanor. But he argues that a 2014 California law that reduced the maximum possible sentence for misdemeanor assault with a deadly weapon to 364 days means that his conviction is no longer a crime of moral turpitude. *See* Cal. Penal Code § 18.5(a). He argues that under this law, the immigration judge and BIA should have reclassified his conviction because the law was given explicit retroactive effect. We disagree.

The BIA has already considered this issue and held that Section 18.5 does not retroactively apply to prior convictions for federal immigration purposes. *See Matter of Eduardo Velasquez-Rios,* 27 I. & N. Dec. 470, 472 (BIA 2018). The BIA reasoned that even though the law applied retroactively for purposes of state law, it cannot control the immigration consequences of convictions for purposes of federal law. *Id.* In other words, because the federal immigration statute "calls for a backward-looking inquiry into the maximum possible sentence the alien *could have received* for his offense *at the time of his conviction.*" *Id.* So the only relevant inquiry for our purposes is whether the conviction is one "for which a sentence of one year or longer may" have been imposed at the time of conviction. *Id.* The BIA reasoned that a change in state law, even if retroactive, does not alter the inquiry that Congress imposed under Section 237(a)(2)(A)(i) for crimes involving moral turpitude. *Id.* at 473.

Our precedent and Supreme Court precedent in other immigration contexts support the BIA's conclusion. For instance, we have explained that "[i]n assessing whether a noncitizen's conviction qualifies as an aggravated felony, we compare his offense of conviction to the CSA schedules in effect when he was convicted." *Gordon v. United States Attorney Gen.*, 962 F.3d 1344, 1351 n.4 (11th Cir. 2020). In support of that proposition, we relied on *Mellouli v. Lynch*, which, we noted "compar[ed] the state controlled substance schedules with the federal schedules in place '[a]t the time of Mellouli's conviction.'" 575 U.S. 798, 808 (2015). As the Tenth Circuit has explained, "[w]here a non-citizen is removable

immediately upon being convicted of an offense involving a controlled substance, it makes sense to determine whether the conviction is a removable offense *at the time of that controlled-substance conviction.*" *United States v. Williams*, 48 F.4th 1125, 1143 (10th Cir. 2022); *see also United States v. Jackson*, 55 F.4th 846, 862 n.1 (11th Cir. 2022) (Rosenbaum, J., concurring). So we agree with the BIA that Ceron-Casco's conviction for assault with a deadly weapon in 2006 is a crime of moral turpitude because the maximum possible sentence he could have received for that conviction was either four years if classified as a felony or one year if classified as a misdemeanor. Section 18.5 cannot operate to retroactively change that federal law classification.

## C.

Finally, we consider Ceron-Casco's argument that the BIA and immigration judge erred in "pretermitting" his NACARA application for cancellation of removal and failed to give "reasoned consideration" to his arguments below. As explained above, Ceron-Casco was subjected to heightened NACARA cancellation of removal requirements because he was convicted of a crime of moral turpitude within seven years of gaining lawful permanent resident status. The heightened standard required him to show that he was a person of "good moral character" for ten years after his 2006 conviction. But because his 2015 controlled substance conviction caused him to be confined to a penal institution for 180 days or more, he was statutorily precluded from demonstrating "good moral character." *See* 8 C.F.R. § 1240.66(c)(1); 8 U.S.C. § 1101(f)(6).

Because Ceron-Casco was statutorily precluded from being granted NACARA cancellation of removal, the immigration judge and BIA correctly denied that application.

Ceron-Casco makes much of the use of the term "pretermit" in the immigration judge and BIA's opinions. But we agree with the government that his argument rests on a distinction without a difference. Both the immigration judge and BIA used the terms "deny" and "pretermit" interchangeably, and both correctly determined that NACARA special rule cancellation was not statutorily available to Ceron-Casco.

To the extent Ceron-Casco raises a due process argument because the immigration judge and BIA did not give his arguments "reasoned consideration," that argument must fail because he cannot demonstrate that "in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010). Indeed, "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). There was no argument Ceron-Casco could have made to the immigration judge or BIA to overcome his statutory bar to his application for cancellation of removal, so neither the immigration judge nor BIA were required to hear those arguments. Thus, we hold that the BIA and immigration judge correctly rejected Ceron-Casco's application for cancellation of removal under NACARA.

## IV.

For the reasons stated above, we **DISMISS IN PART AND DENY IN PART** Ceron-Casco's petition for review.