# Matter of Leobardo DE JESUS-PLATON, Respondent

*Decided by Board January 17, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The evidence of post-conviction relief under section 1473.7 of the California Penal Code that the respondent submitted in support of his motion to remand does not demonstrate that his conviction was vacated for a procedural or substantive defect in the underlying criminal proceedings and not for reasons of rehabilitation or immigration hardship.

FOR THE RESPONDENT: Arnold S. Jaffe, Esquire, Santa Barbara, California

BEFORE: Board Panel: MALPHRUS, Deputy Chief Appellate Immigration Judge, CREPPY and CLARK, Appellate Immigration Judges.

CREPPY, Appellate Immigration Judge:

The respondent, a native and citizen of Mexico, appeals the Immigration Judge's decision dated December 19, 2019, which found that the respondent was ineligible for cancellation of removal for having been convicted of a crime involving moral turpitude ("CIMT"). Section 240A(b)(l)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(l)(C) (2018). While the appeal was pending with the Board, the respondent submitted a supplementary filing showing that his sole conviction had been vacated under section 1473.7 of the California Penal Code and requesting a remand.[2] The Department of Homeland Security ("DHS") did not file a response brief. The respondent's motion to remand will be denied and the appeal will be dismissed.

Initially, the Immigration Judge determined that the respondent's 2012 California conviction for making criminal threats in violation of section 422 of the California Penal Code is a CIMT for which a 1-year sentence may be imposed and made the respondent ineligible for cancellation of removal. *See*

---

[1] Pursuant to Order No. 6186-2025, dated January 31, 2025, the Acting Attorney General designated the Board's decision in *Matter of De Jesus-Platon* (BIA Jan. 17, 2025), as precedent in all proceedings involving the same issue or issues. See 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The motion to accept a supplemental brief will be granted.

*Latter-Singh v. Holder*, 668 F.3d 1156, 1163 (9th Cir. 2012); *see also* INA § 237(a)(2)(A)(i)(II), 8 U.S.C. § 1227(a)(2)(A)(i)(II) (2018). The Board affirmed the decision of the Immigration Judge, and the respondent filed a petition for review with the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit issued a remand order based on a change in law under section 18.5 of the California Penal Code, which changed the maximum penalty in the State of California for county jail confinement not to exceed 364 days. The Board in turn remanded to the Immigration Court to determine the respondent's eligibility for cancellation of removal in light of the change in California law.

After the Board's remand, the Board published *Matter of Velasquez-Rios*, which held that the amendment to section 18.5 of the California Penal Code did not affect the applicability of section 237(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i)(II), to a conviction for a CIMT for which a sentence of 1 year or longer may be imposed. 27 I&N Dec. 470, 473 (BIA 2018), *aff'd*, 988 F.3d 1081 (9th Cir. 2021). On December 19, 2019, the Immigration Judge issued a new decision holding that the respondent remained ineligible for cancellation of removal. The respondent appealed the decision of the Immigration Judge and filed a brief with the Board challenging the applicability of *Matter of Velasquez-Rios* to his case. We review these legal issues de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

We affirm the Immigration Judge's decision based on *Matter of Velasquez-Rios*, 27 I&N Dec. at 473, determining that section 18.5 of the California Penal Code does not make the respondent eligible for cancellation of removal. As found by the Immigration Judge, the maximum possible sentence the respondent could have received for his offense at the time of his conviction was imprisonment for 1 year. Thus, under section 237(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i)(II), which calls for "a backward-looking inquiry into the maximum possible sentence" for the respondent's conviction, the respondent has been convicted of a CIMT for which a sentence of 1 year or longer could have been imposed at the time of his conviction. *Matter of Velasquez-Rios*, 27 I&N Dec. at 472. We recognize the amendments to section 18.5 of the California Penal Code, which apply the law retroactively to convictions in California, but those amendments do not affect the applicability of section 237(a)(2)(A)(i)(II) of the INA. We therefore conclude that the respondent remains ineligible for cancellation of removal for having been convicted of a CIMT with a maximum possible sentence of 1 year or longer.

The respondent argues that *Matter of Velasquez-Rios* violates the Tenth Amendment to the United States Constitution as well as principles of

federalism. The United States Court of Appeals for the Ninth Circuit has concluded that *Matter of Velasquez-Rios* does not violate the Tenth Amendment and does not impermissibly interfere with State authority. *See Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1089 (9th Cir. 2021) (affirming *Matter of Velasquez-Rios* and holding that the amendments to section 18.5 of the California Penal Code do not apply retroactively for purposes of section 237(a)(2)(A)(i)(II) of the INA). The Ninth Circuit affirmed that the Federal government maintains primacy over immigration law and that Federal immigration law "cannot be altered or contradicted retroactively by state law actions." *Id.* We agree that *Matter of Velasquez-Rios* does not impermissibly interfere with a State's right to define their criminal law jurisprudence.

The respondent further argues that *Matter of Velasquez-Rios* preempts State law authority. However, as determined by the court in *Velasquez-Rios v. Wilkinson*, there is no issue of preemption because *Matter of Velasquez-Rios* "presents no conflict between state and federal law." 988 F.3d at 1088. *Matter of Velasquez-Rios* "has no bearing on whether California may, for purposes of its *own* state law, retroactively reduce the maximum sentence available for misdemeanor convictions." *Id*. We thus conclude that *Matter of Velasquez-Rios* presents no preemption issue relative to the California statute.

The respondent argues that *Matter of Velasquez-Rios* is inconsistent with *Matter of Cota-Vargas*, 23 I&N Dec. 849 (BIA 2005), and *Matter of Song*, 23 I&N Dec. 173 (BIA 2001). Those cases, however, involved *nunc pro tunc* sentence modifications from a State court, which is not at issue in the instant case. *See Velasquez-Rios*, 988 F.3d at 1088. Additionally, those cases were overruled by the Attorney General. *See Matter of Thomas and Thompson*, 27 I&N Dec. 674, 686 (A.G. 2019) (explaining that full faith and credit principles were not implicated in vacated conviction cases because an Immigration Judge is interpreting the definition of "conviction" under the INA, not "reevaluating or otherwise questioning the validity of the state-court judgment.").

The respondent also argues that the Board's reliance on *McNeill v. United States*, 563 U.S. 816 (2011), and *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), is misplaced. In *Velasquez-Rios v. Wilkinson*, the court recognized that these cases were not directly controlling because they dealt with criminal sentencing statutes. 988 F.3d at 1087. Nevertheless, the court found the reasoning in those cases persuasive. *Id*. at 1086–87. We find the respondent's argument that these cases are inapposite for the instant case to be unavailing.

The respondent argues that *Latter-Singh v. Holder*, 668 F.3d at 1163, is no longer controlling authority and that his conviction is not categorically for a CIMT. We disagree. We find that the court's decision in *Latter-Singh*, which concluded that section 422 of the California Penal Code was a CIMT, to be controlling authority in the Ninth Circuit. In *Flores-Vasquez v. Garland*, the court explained that section 422 was categorically a CIMT because it requires both an evil or malicious intent and the infliction of actual substantial harm on another. 80 F.4th 921, 928 (9th Cir. 2023) (citing *Latter-Singh*, 668 F.3d at 1162). The respondent does not meaningfully distinguish his case from *Latter-Singh.* We affirm that the respondent's conviction is for a CIMT.

The respondent further argues that he did not have a conviction prior to the enactment of section 18.5 of the California Penal Code because his sentence was not completed at that time. Neither the Board nor the INA requires that an individual have completed their criminal sentence before he can be considered to have been convicted of a crime. *See* INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A) (2018); *Matter of S. Wong*, 28 I&N Dec. 518, 520 (BIA 2022), *aff'd*, *Wong v. Garland*, 95 F.4th 82 (2024), *vacated by* No. 24-92, 2024 WL 4654950 (Nov. 4, 2024); *Matter of J. M. Acosta*, 27 I&N Dec. 420, 432 (BIA 2018); *Matter of Punu*, 22 I&N Dec. 224, 225–27 (BIA 1998);. We further conclude that the fact that the respondent was convicted for a CIMT more than 16 years after entering the United States does not affect his eligibility for cancellation of removal. *See Matter of Ortega-Lopez*, 27 I&N Dec. 382, 398 (BIA 2018) (holding that an applicant is ineligible for cancellation of removal if the applicant has been convicted of a CIMT for which a sentence of 1 year or more may be imposed, regardless of whether the applicant meets the immigration prerequisites for inadmissibility or deportability).

During the pendency of the respondent's appeal, the State court granted the respondent's petition for post-conviction relief pursuant to sections 1016.5 and 1473.7 of the California Penal Code and permitted the respondent to withdraw his guilty plea to the sole conviction making him ineligible for cancellation of removal. Controlling precedent in this jurisdiction holds that section 1473.7(a)(1) "provides a vehicle to vacate a conviction to address a substantive or procedural error that renders a conviction 'legally invalid' [and] does not permit a state court to vacate a conviction to alleviate any immigration consequences arising from the conviction or sentence." *Bent v. Garland,* 115 F.4th 934, 940 (9th Cir. 2024) (emphasis omitted). The respondent's new evidence in support of a remand, however, states that his conviction was vacated pursuant to section 1473.7

generally and not subsection 1473.7(a)(1) specifically.[3]  The new evidence submitted by the respondent does not show specifically which statutory subsection applies to the respondent's case.

We consider the respondent's new evidence of post-conviction relief in support of a remand under the standard for motions to reopen.  *See Matter of Coelho*, 20 I&N Dec. 464, 471 (BIA 1992) (applying the standards for motions to reopen to motions to remand).  We determine that the respondent's new evidence is material and was previously unavailable.  8 C.F.R. § 1003.2(c)(1) (2025).  However, because the respondent's new evidence did not establish the statutory subsection applicable to the vacatur in his case, we conclude that the respondent did not meet his burden for showing prima facie eligibility for cancellation of removal.  *See Matter of Azrag*, 28 I&N Dec. 784, 787 (BIA 2024); *Matter of Chavez*, 24 I&N Dec. 272, 274 (BIA 2007); *Matter of L-O-G-*, 21 I&N Dec. 413, 420 (BIA 1996) (discussing the standard for a prima facie showing); *see also Pereida v. Wilkinson*, 592 U.S. 224, 233 (2021) (holding that a respondent has the burden of showing that he has not been convicted of a disqualifying crime).  Here, the respondent does not submit the motion for vacatur or other evidence that may reflect the applicable statutory subsection and underlying reasoning.  *See Matter of Dingus*, 28 I&N Dec. 529, 536 (BIA 2022).

The respondent's evidence does not demonstrate that his conviction was vacated for a procedural or substantive defect in the underlying criminal proceedings and not for reasons of rehabilitation or immigration hardship.  *See Matter of Thomas and Thompson,* 27 I&N Dec. 674, 689–90 (BIA 2019); *Matter of Pickering,* 23 I&N Dec. 621, 624 (BIA 2003), *rev'd on other grounds by* 465 F.3d 263 (6th Cir. 2006); *cf. Nath v. Gonzales*, 467 F.3d 1185 (9th Cir. 2006) (holding that the government bears the burden in the context

---

3   Section 1473.7 of the California Penal Code provides three reasons for vacatur:

> (a) A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for any of the following reasons:
> (1)  The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence.  A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel.
> (2)  Newly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice.
> (3)  A conviction or sentence was sought, obtained, or imposed on the basis of race, ethnicity, or national origin in violation of subdivision (a) of Section 745.

Cal. Penal Code § 1473.7 (2025).

of removability).  We thus decline to remand the respondent's case on this basis.

**ORDER:** The respondent's appeal is dismissed.

**FURTHER ORDER:** The respondent's motion for a remand is denied.